BYRNES, III, Judge.
Edward Green, defendant-appellant, and Willie C. Peters were charged by indictment with first degree murder, committed *293 during an armed robbery, in violation of R.S. 14:30(1). Their trials were severed on the state’s motion. Willie Peters’ trial began on July 27,1982. After four witnesses testified for the state, Peters reached an agreement with the prosecutor and changed his plea from not-guilty of first degree murder to guilty of manslaughter. He was sentenced to twenty-one years at hard labor. Edward Green was tried by a jury one month later and found guilty of the lesser included offense of manslaughter. He too was sentenced to twenty-one years at hard labor. Green has appealed.
ASSIGNMENTS OF ERROR
Appellant specifies two assignments of error for review. He contends that:
1). The trial court erred in refusing the defense the opportunity to show the jury that Magenette Peters refused to testify against her brother, Willie Peters;
2). The trial court erred in refusing to allow the defense to show the jury that Willie Peters plead guilty to manslaughter.
FACTS
On March 23,1980, at approximately 7:30 p.m., James Bankston, a cab driver, observed two men and one woman getting into William Barges’ taxi cab in front of Mason’s Las Vegas Strip on South Claiborne Avenue in New Orleans. Mr. Bank-ston saw the taxi turn off Claiborne onto First Street headed towards the St. Thomas housing project.
At approximately 8:20 p.m., a New Orleans Police Officer received a call on his radio informing him of a traffic accident and shooting in the 1900 block of St. Thomas Street. When he arrived at the scene the officer saw a taxi, which had hit a pickup truck in the housing project courtyard. The driver of the cab, William Barges, was dead and his body was lying across the front seat of his cab with a gunshot wound in the right side of his head.
James Bankston heard the police call on his cab’s radio and arrived at the scene shortly after the police. He recognized Mr. Barges’ cab and identified Willie & Magen-ette Peters, as the woman and one of the two men he had seen getting into Mr. Barges’ cab earlier that evening. Mr. Bankston identified these two as well as Edward Green at trial.
The officer at the scene brought Willie and Magenette Peters to police headquarters for questioning as witnesses to the incident. During questioning both made inculpatory statements. Both had blood stains on their pants, and the pants were seized as evidence, as well as $53.00 one dollar bills which were in Mr. Peters’ possession. A warrant was issued for the arrest of Edward Green.
MS. PETERS' REFUSAL TO TESTIFY
By his first assignment of error, appellant contends that the court erred by not allowing the defense to introduce evidence regarding Ms. Peters’ alleged refusal to testify against her brother, Willie Peters. He argues that the trial court should not have limited his cross-examination of Ms. Peters on this matter because it abridged his sixth amendment right to confrontation.
The record indicates that Ms. Peters did testify against her brother before the grand jury. In fact her testimony lead to the indictment of her brother and Edward Green for first degree murder. The record also shows that she was never called to testify at her brother’s trial. Before the state called her as a witness, Willie Peters changed his plea to one of guilty of manslaughter. Ms. Peters did refuse to testify against Green by invoking the Fifth Amendment. However, after the state granted her immunity from prosecution she testified at Green’s trial. These facts, as well as the details of a previous plea bargaining arrangement, were brought out when the defense cross-examined Ms. Peters and her attorney.
Appellant is concerned with the adequacy of the cross-examination of Ms. Peters. He argues that limiting the examination in *294 this manner did not permit him to fully establish Ms. Peters’ lack of credibility and possible biases.
There is no evidence that Ms. Peters refused to testify against her brother. In any case, Ms. Peters was fully examined regarding her plea bargaining arrangements and the grant of immunity in exchange for her testimony. Further, the defense fully examined Mrs. Peters’ attorney regarding the details of these arrangements. The jury had before it all facts which might show that Ms. Peters was biased or lacked credibility.
In these circumstances, we cannot say that the trial court abused it’s discretion or abridged appellant’s sixth amendment rights.
WILLIE PETERS’ PRIOR GUILTY PLEA
By his second assignment, appellant contends that the trial court erred by not allowing the defense to disclose co-defendant Willie Peters’ guilty plea to a charge of manslaughter.
In State v. Smith, 408 2d 1110 (La.1981) the court affirmed a trial court’s decision to allow a docket clerk to testify regarding a co-defendant’s guilty plea. However, the Smith court clearly recognized that such testimony is generally not allowed, and that each case must be decided within the boundries of its own facts.
In the case at bar, Green argues that exclusion of this testimony prejudiced his case. He contends that Ms. Peters’ testimony combined with the fact that Mr. Peters plead guilty, suggests that he was less culpable than his partner. We do not find this argument persuasive. Under the provisions of R.S. 14:24 both defendants are considered principals and are held equally responsible. Appellant has not provided any facts which compel us to relax the general rule against allowing testimony regarding a co-defendant's guilty plea.
For the foregoing reasons appellant’s conviction and sentence are affirmed.
AFFIRMED.