449 So.2d 161 (1984)
STATE of Louisiana
v.
Johnny NELSON.
No. KA-0782.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
*162 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Frank Larre, Orleans Indigent Defender Program, New Orleans, for appellant.
Before LOBRANO, CIACCIO and WARD, JJ.
LOBRANO, Judge.
Appellant, Johnny R. Nelson, was charged by bill of information with the April 9, 1982, armed robbery[1] of Raphael and Juan Suarez in violation of R.S. 14:64. On January 4, 1983 a twelve person jury found him guilty as charged. He was sentenced to serve ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence. He was also given a two year sentence to be served consecutively for violation of La.R.S. 14:95.2.[2] The trial court subsequently *163 amended the sentence by withdrawing the time imposed under R.S. 14:95.2.
FACTS:
On April 9, 1982, two men entered the auto parts store of Raphael and Juan Suarez, Uptown Auto Parts, Inc., located at the corner of Washington Avenue and Magazine Street. One of the men drew a gun, pointed it at the head of Juan Suarez, and demanded money. They were given $37.00 from the cash register (twenty-two one dollar bills, a five and a ten dollar bill) as well as approximately $1,300.00 in a bank bag that had been prepared for deposit. The men then threatened to shoot the victims if they followed them. They then fled the store with both brothers giving chase. Appellant turned and shot at Juan Suarez. Police Officers joined in the chase, sealed off the block and began searching the yards, one by one. During their search, the police heard a noise in the alleyway between 2705 and 2707 Chippewa St. They entered the alley, which was cluttered with garbage and abandoned appliances, and observed appellant hiding in a corner in the rear of the alleyway. He attempted to break away and climb a fence but the officers subdued him. He was led out of the alley and was identified by Raphael Suarez as the man who held the gun and robbed the store. The subsequent search for the gun proved to be fruitless. A search of appellant yielded $37.00 from his pocket, consisting of twenty-two ones, one five and a ten dollar bill all facing the same direction. Neither the bank bag with the $1,300.00 nor the other assailant were ever found.
SUFFICIENCY OF EVIDENCE
Although appellant does not allege as an assignment of error the sufficiency of the evidence to support his conviction, such will be reviewed in accordance with State v. Raymo, 419 So.2d 858 (La.1982).
In cases where direct evidence is used to prove the defendant's guilt, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state had proven every element of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306, 310 (La.1982).
In order to support appellant's conviction for armed robbery, the state had to prove that he committed (1) a theft;[3] (2) of anything of value; (3) from the person of or in the immediate control of another; (4) by use of force or intimidation; (5) while armed with a dangerous weapon.
In the instant case, $37.00 was taken from the cash register of the victims and $1,300.00 in a bank bag. The robbers used a gun during the robbery to force and intimidate the victims to hand over the money. Appellant was identified by the victims as the man who held the gun during the robbery and who shot at Juan Suarez during the ensuing chase. When apprehended, moments later, appellant was found with $37.00 in his pocket, consisting of the exact number and denominations of the cash taken from the register. Further the victims identified the cash because all the bills were facing the same way exactly as they were placed in the register previously.
Therefore, viewing the evidence in the light most favorable to the prosecution, the jury could have found that the State proved all the elements of armed robbery beyond a reasonable doubt. State v. Boelyn, 432 So.2d 260 (La.1983); State v. Bruins, 407 So.2d 685 (La.1981); State v. Tucker, 405 So.2d 506 (La.1981).
For the foregoing reasons, appellant's conviction is affirmed.
*164 ASSIGNMENT OF ERROR:
Appellant asserts one assignment of error:
The trial court erred in imposing an excessive sentence.
Appellant was sentenced to ninety-nine (99) years at hard labor without benefit of parole, probation, or suspension of sentence.
Appellant argues that in respect to the circumstances of his offense, the sentence imposed is excessive.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-prong. First, the record must show that the trial court took cognizance of the criteria set forth in C.Cr.P. Art. 894.1 in determining the sentence. Second, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
Article 894.1 sets forth eleven criteria to be used by the trial court in determining its sentence. It is not necessary that there be a full recitation by the trial court of the factors listed in Art. 894.1 in its reasons for sentence as long as there is evidence elsewhere in the record that the factors have been considered and that the sentence was tailored to fit the particular defendant and his particular crime. State v. Soco, 441 So.2d 719 (1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Robinson, 423 So.2d 1053 (La.1982); State v. Bradley, 414 So.2d 724 (La.1982); State v. Washington, 414 So.2d 313 (La.1982).
In the instant case, the trial court judge noted the crime for which appellant was convicted and the fact that appellant fired his gun at one of the victims and threatened to shoot both victims. He noted that at the time of this robbery, appellant was on probation from a Florida conviction for "assault to commit robbery".
The judge determined that none of the mitigating factors listed in Art. 894.1 applied to this case. The judge concluded by noting that a lesser sentence would deprecate the seriousness of appellant's crime.
Thus, while the trial judge did not enumerate every factor listed in Art. 894.1, it is clear that he was aware of these factors and considered them before imposing sentence.[4] Having determined that the trial judge complied with Article 894.1 in sentencing the defendant, we must determine whether that sentence is excessive under Article 1, Section 20 of the 1974 Louisiana Constitution. Such a review is proper even though the sentence is within statutory limits. State v. Soco, supra; State v. Guajardo, 428 So.2d 468 (La.1983); State v. Telsee, supra. Here, the trial court used its great discretion in sentencing defendant to the maximum term of 99 years citing several factors including his prior conviction in Florida and the fact that defendant actually took a shot at one of the victims. We find no abuse of that discretion and agree that any lesser sentence would deprecate the seriousness of the crime.
For the reasons assigned herein, appellant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] R.S. 14:64

A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.
[2] R.S. 14:95.2

Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, or aggravated arson or attempted aggravated rape, attempted first degree murder or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
[3] R.S. 14:67

Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently or whatever may be the subject of the misappropriation or taking is essential.
[4] The trial court stated that the evidence and record sets forth affirmative answers to sections B(1), (2), (7), (8) and (9), and negative answers to (3), (4), (5), (6) and (10).