SCHOTT, Judge.
Defendant was convicted of simple burglary of an inhabited dwelling in violation of R.S. 14:62.2 and sentenced as a fourth offender under the habitual offender law to life at hard labor.
On the morning of March 16,1984 Katherine Conkling was reading inside her second floor apartment when she heard someone breaking in through the rear door. She ran out the front door screaming for help. At this time Frank Jenkins was *156 walking past the apartment. After hearing Conkling scream he saw someone jump from a window of her apartment. A security guard and a policeman were investigating an auto accident a short distance away from Conkling’s apartment when they heard her scream. They ran over and caught defendant as he was walking away from Conkling’s apartment building. Jenkins identified defendant as the man he had just seen jumping from the apartment.
Defendant's counsel assigned three errors for our consideration. In addition, defendant, in a pro se brief, assigned two errors.
Assignment of Error 1
By this assignment defendant contends he was erroneously cut off from voir dire of a potential juror. In questioning this juror the following colloquy ensued: “BY MR. SWAYNGIM:
Q. Even after the Judge tells you that the law says that you cannot hold that against him, do you still feel like you, if this defendant does not testify — you would hold that against him.
A. I’m merely saying that I might be biased towards the State if the individual does not take the stand and say that he did not commit the crime.
THE COURT:
If I instruct you, sir, that the law is that you cannot take that into consideration at all, you cannot hold that against the defendant, will you follow that law; yes or no?
THE PROSPECTIVE JUROR:
I’ll follow it as best I can.
THE COURT:
What was that?
THE PROSPECTIVE JUROR:
I’ll follow the law the best that I can.
THE COURT:
I said yes or no, will you follow the law? You don’t follow the law as best as you can, you have to follow the law, period.
THE PROSPECTIVE JUROR:
Yes, I will.
THE COURT:
You will follow the law?
THE PROSPECTIVE JUROR:
Yes, sir.
THE COURT:
All right. (To counsel) Go on.
MR SWAYNGIM:
Judge, I’d like to ask him a few more question in that area.
THE COURT:
He has already answered the only questions that count.
MR. SWAYNGIM:
Well, I'm not satisfied with that, Your Honor; I think I have a right to go into more detail and I appreciate the honesty of Mr. Harris.
THE COURT:
What is the questions your’re going to ask him, and then I’ll rule on it?
MR. SWAYNGIM:
Well I would like to ask him, when he says that he has previously answered my questions by saying that he might hold that against him.
THE COURT:
All right, so now you’re going to cross examine him, right?
MR. SWAYNGIM:
Well, I want to know a little bit more of what that means—
THE COURT:
(Addressing Mr. Harris) Answer the question, sir.
BY MR. SWAYNGIM:
Q. Okay, Mr. Harris, you said that you might hold that against him?
A. I didn’t say that.
Q. Could you say that again what you said, Mr. Harris?
A. I said, I might be biased toward the State if the individual does not state that he did not commit the crime.
Q. If he does not testify then, even no matter what the evidence the State showed, you would feel that you would, in fact, hold that against him, by saying: If he doesn’t testify he must be guilty; isn’t that what you’re saying?
A. No, that is not what I’m saying.
*157 THE COURT:
All right, now let’s go on with something else.
MR. SWAYNGIM:
Challenge for cause, Your Honor.
THE COURT:
Denied.”
The juror had clearly rehabilitated himself when he stated without equivocation that he would follow the law as it was given to him by the court. The court allowed defense counsel to cross examine this juror up to a point and he was unshaken. No theory of law entitles defendant to carry on a repetitious and overly lengthy cross examination of a juror during voir dire and defendant is not entitled to brow beat or argue with a potential juror. For these reasons the trial judge has discretion to control voir dire examination, and his rulings will not be disturbed absent a clear abuse of this discretion as in the case where examination is so restricted that defense counsel is deprived of an opportunity to explore the possibility of a challenge for cause or to make intelligent use of peremptory challenges. The rulings of the trial judge here under consideration were well within his discretion and were entirely proper. This assignment lacks merit.
Assignment of Error 2
By this assignment defendant claims the trial court erroneously admitted inadmissible hearsay testimony by Officer Gordon. On direct examination Gordon stated he was assigned to investigate this incident and arrived while defendant was being held by the policeman who initially apprehended him. On cross examination by defense counsel Gordon was asked the following:
“Q. Isn’t it a fact that the defendant, Mr. Steward, requested that you all go interview the receptionist at the medical center in the parking lot, didn’t he request you all to do that?
A. Yes, sir.
Q. And did you?
A. Yes, sir.”
On redirect Gordon testified that defendant told him after being fully informed of his constitutional right to remain silent that he had been inside a clinic next door to Conkling’s building seeking medical help just before his apprehension. The prosecutor then asked Gordon the same question as defense counsel did; didn’t he, Gordon, interview the people at this clinic? This time, however, the next logical question was asked; what did they tell Gordon, and he was allowed to testify over defendant’s objection that no one had come into the clinic at all. This is the hearsay defendant would exclude. He was satisfied to ask questions on cross examination which created an inference that his story about being in- the clinic was true through Gordon’s testimony but he would not have the court allow the state on redirect examination to ask the same witness the next logical question, which was designed to dispel from the minds of the jury this false inference which was planted there by the defense. This is precisely why such a question is allowed. Once the defense opens the door in cross examination on a subject it becomes a proper subject for redirect. The defense may not approach a prohibited area, make misleading statements about what is present there, and then close the door to clarification by the state. State v. Overton, 337 So.2d 1201 (La.1976). This assignment lacks merit.
Assignment of Error 4
By this pro se assignment defendant contends the court erred in permitting the prosecutor to question him on cross examination concerning the details of one of his three previous convictions, a 1973 burglary conviction. The specific questions concerned what type of building was burglarized, was it at night or in the day, and (since defendant began to protest he hadn’t committed this crime) why did he plead guilty to having done it. Evidence of a prior conviction is admissible for impeachment purposes. R.S. 15:495. In this connection the state may also question the defendant who testifies in his own behalf as to the details of a prior offense so as to show its true nature subject to the limita *158 tion that his rights may not be prejudiced by “expansive reference to details.” State v. Talbert, 416 So.2d 97 (La.1982) The trial judge has great discretion in controlling the state’s examination of defendant on the details of his prior convictions and his rulings will not be disturbed unless abusive. State v. Kimble, 407 So.2d 693 (La.1981). The rulings under consideration clearly meet these tests. This assignment has no merit whatsoever.
Assignment of Error 5
By this pro se assignment defendant attacks his conviction based on insufficiency of evidence. Specifically he contends no one identified him as the burglar. In order for a reviewing court to affirm a conviction it must be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. When circumstantial evidence is used it must exclude every reasonable hypothesis of innocence. State v. Porretto, 468 So.2d 1142 (La.1985). Jenkins saw someone jumping from Conkling’s second story window just after she heard him breaking in her apartment. Moments later defendant was apprehended just outside the apartment and was promptly identified by Jenkins as the burglar from the clothes he was wearing. Jenkins was vigorously cross examined by defense counsel and defendant was given every opportunity to plant doubt in the minds of the jury. In the final analysis they had no reasonable doubt about his identity and the record supports this decision.
Although defendant did not specifically raise the question, we have considered under this assignment whether the evidence was sufficient to prove beyond a reasonable doubt that defendant had the intent to commit a felony or a theft in the premises he broke into, an essential element of the offense of simple burglary of an inhabited dwelling. Defendant was caught after breaking into Conkling’s apartment. He was not drunk, he did not know Conkhng, and he did not live in or near the building. His explanation for being at the scene was discredited. These circumstances give rise to no reasonable hypothesis of innocence on defendant’s part. It would not be reasonable to hypothesize that he broke in to tour the apartment or to rest himself. The only reasonable hypothesis is that he intended to steal something or, worse, to commit a serious offense, a felony. This case stands in sharp contrast to those where the court found the element of intent unproved because there was a reasonable hypothesis of defendant’s innocence. For example, in State v. Jones, 426 So.2d 1323 (La.1983), defendant lived two doors from the victim’s premises and produced evidence that he had gone into their house in a dazed condition to get them to take him to the hospital. In State v. Ricks, 428 So.2d 794 (La.1983), defendant knew the victim and offered the explanation that he was dropping in for a social call. In State v. Marcello 385 So.2d 244 (La.1980), the court found a reasonable hypothesis of innocence from evidence which indicated he had broken into an office building to use the restroom. We fail to see any reasonable hypothesis of innocence with respect to defendant’s intentions in the present case. This assignment has no merit.
Assignment of Error 3
By this assignment defendant contends that he was erroneously found to be a fourth offender under the habitual offender law. The state concedes this point. No further discussion is warranted.
Accordingly, the conviction is affirmed. The sentence is vacated and set aside and the case is remanded to the trial court for resentencing of defendant.
AFFIRMED, SENTENCE VACATED, REMANDED FOR RESENTENCING.