487 So.2d 565 (1986)
STATE of Louisiana
v.
Ronnie ISAAC.
No. KA-3584.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
*567 William Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Judith Brewster and Timothy M. Warner, Asst. Dist. Attys., New Orleans, for plaintiff-appellee State of La.
M. Craig Colwart, New Orleans, for defendant-appellant Ronnie Isaac.
Before KLEES, CIACCIO and LOBRANO, JJ.
KLEES, Judge.
On July 25, 1984, the defendant, Ronnie Isaac and co-defendants, Randall Moss, Darrell Green and Michael Ferdinand, were each charged with armed robbery. On January 9, 1985, trial began for the defendant Ronnie Isaac and the two co-defendants, Randall Moss and Darrell Green. After the jury was selected, and out of their presence, co-defendant Randall Moss pled guilty to armed robbery, waived legal delays, and was sentenced immediately to serve twenty-five years at hard labor without benefit of probation, parole or suspension of sentence. The second co-defendant, Darrell Green, also pled guilty to armed robbery and an additional charge of attempted first degree murder. The sentencing of Green was delayed. Counsel for the defendant, Ronnie Isaac, moved the court for a mistrial. The trial court denied the motion but allowed counsel to "voir dire" the jury when it returned to the courtroom. Isaac's counsel explained the absence of the two co-defendants by informing the jury that they pled guilty. On January 10, 1985, trial continued and the jury found the defendant guilty as charged. Subsequently, on January 18, 1985, the court sentenced the defendant to serve ninety-nine years at hard labor, without benefit of probation, parole or suspension of sentence. The defendant now appeals the decision of the lower court.
FACTS:
On June 25, 1984, at approximately 8:30 p.m., the Safari Super Market located near the St. Bernard Project was the scene of an armed robbery. Four armed men were involved. Three entered the store while one acted as a lookout. Three employees and several customers were present. Sohail Amari, the owner and manager of the store, testified that one of the men held a gun on him, while he opened a cash register. This armed man struck Amari on the head. Another man was pointing a gun at Youssef Akkawi, an employee of the store. Akkawi was forced to open another cash register. The second perpetrator also took about $400.00 of Akkawi's own money. Akkawi identified the defendant, Ronnie Isaac, at trial as the man who assaulted him. A third man held a gun on another employee, Osama Abdelrahan, a butcher. Abdelrahan turned and the gunman fired, grazing the employee's arm. Some of Abdelrahan's money, his gold chain, watch and wallet were taken during this incident. The perpetrators also took approximately $15,000.00 from a safe in the store's office.
The perpetrators fled the store and disappeared into the St. Bernard Housing Project. The police were summoned to the scene. After some police units arrived in the area, the police station received an anonymous phone call informing the officers that the robbers were at 4005 Jumonville Street in the project. Officer John Haril, Jr. knocked on the door of the apartment, and realized that the door was barricaded. No one would respond, however, the officer could hear scuffling and movement inside the house. The officer then obtained a search warrant, and the S.W. A.T. team was called because the officers believed the suspects were armed. Subsequently, three suspects, one of them the defendant, surrendered to the police and were arrested. The police brought the three men back to the store, where they were identified by the victims. Other officers *568 searched the house finding several guns and money hidden in a heater.
Errors Patent
A review of the record reveals no errors patent.
Assignments of Error
Assignment of Error I
By this assignment of error, the defendant maintains that the trial court erred in denying the defendant's challenge for cause of a prospective juror, Mr. James D. Davis. The defendant argues that the prospective juror expressed feelings of bias towards the defendant arising from the juror's previous experiences of having been a victim of an armed robbery and his place of employment being burglarized. The defendant further argues that as a result of these feelings Mr. Davis demonstrated a lack of impartiality and indicated that he would not accept the law regarding the standard of proof placed upon the State. Defendant relies on C.Cr.P. art. 797(2), (4).
An appellant may assign as error a ruling refusing to sustain a challenge for cause, provided the appellant had made a timely objection stating the nature and grounds of the objection. C.Cr.P. art. 800(A). The article was amended by Acts 1983, No. 181 § 1 to eliminate the previous requirement that peremptory challenges be exhausted before an objection can be made.
In the present matter, counsel for the co-defendant, Darrell Green, conducted the voir dire of Mr. Davis and objected to the trial court's denial of his challenge for cause. C.Cr.P. art. 842 provides that where the co-defendant objects, the objection is made by all defendants on trial unless the contrary appears. State v. Lavigne, 412 So.2d 993 (La.1982).
A trial court should sustain a challenge for cause if a prospective juror's answers reveal facts from which bias, prejudice or inability to follow the law may be reasonably implied, despite that prospective juror's professed impartiality, State v. Smith, 430 So.2d 31 (La.1983); State v. Albert, 414 So.2d 680 (La.1982); State v. Smith, 477 So.2d 875 (La.App. 4th Cir. 1985). However, when a prospective juror has volunteered an opinion seemingly prejudicial to the defense, but on further inquiry demonstrates the ability and willingness to decide the case impartially according to the law and evidence, a challenge for cause is not warranted. State v. Heard, 408 So.2d 1247 (La.1982). State v. Smith, supra.
From our reading of the voir-dire, the prospective juror does show some reluctance to accept the State's burden to prove the defendant guilty beyond a reasonable doubt. However, in answers to questions by the court the juror acknowledges that he could return a verdict of acquittal after he had heard all the evidence. The court concluded its voir-dire with the following:
BY THE COURT:
Q Mr. Davis, after you have heard all the evidence in this case and have been charged with the law and have had a chance to deliberate with your fellow jurors and have discussed the case fully, is there any reason why you could not return a verdict of not guilty.
A Yes, I could return a verdict of not guilty after I've heard everything.
BY THE COURT:
Challenge for cause is denied.
BY MR. JOHNSON:
Note our objection for the record.
BY THE COURT:
Let the objection be noted.
A charge of bias may be removed by the rehabilitation of the prospective juror. State v. Chapman, 410 So.2d 689 (La.1982); State v. Webb, 364 So.2d 984 (La.1978). The trial judge has broad discretion in ruling on a challenge for cause and his ruling should not be disturbed on appeal absent a showing of abuse of that discretion. State v. Celestine, 443 So.2d 1091 (La.1983); cert. den. Celestine v. Louisiana, ___ U.S. ___, 105 S.Ct. 224, 83 L.Ed.2d 154 (1984); State v. Smith, 437 So.2d 802 (La.1983); State v. Benoit, 440 So.2d 129 (La.1983); State v. Howard, 441 So.2d 389 (La.App. 4th Cir.1983). In this *569 matter we are satisfied that the juror was properly rehabilitated and that the trial court did not abuse its discretion in denying the challenge for cause.
Assignment of Error II
By this assignment, the defendant contends that the trial court erred in denying the defendant's motion for mistrial urged after the co-defendants pled guilty. After selection of the jurors and out of their presence, two co-defendants, Randall Moss and Darrell Green, pled guilty to the charges against them. Whereupon counsel for the defendant Ronnie Isaac moved for a mistrial arguing that the jury could not evaluate the evidence fairly because of the co-defendants' guilty plea. After argument and before ruling on the mistrial motion, the trial court instructed counsel that he would permit counsel to "voir dire" the jury on this question.
After the jury returned to the courtroom, defense counsel explained the absence of the co-defendants by informing the jury that the co-defendants had just pled guilty. When the jury was asked by counsel if they would be influenced because of the pleas, juror number 10 responded:
Based on the fact that the other guys pled guilty, okay, I don't have any question that there was a crime committed. Whether your defendant was involved, that's another matter all together.
Jurors numbered 1, 2, 3, 4, 6, 9 and the alternate also expressed the similar views. The trial was then recessed and continued until the next morning. When trial resumed, the trial judge questioned the jurors on whether or not they could be impartial fact-finders. The jurors unanimously responded that they could. After a few more questions by the prosecutor and the defense counsel, a bench conference occurred. Thereafter, the first witness was called.
In State v. Smith, 408 So.2d 1110 (La. 1982), the Louisiana Supreme Court had a similar question before it. Frank Smith and Marvin Miller were jointly charged with armed robbery. Both had previously been tried and the Supreme Court had reversed the convictions. State v. Smith, 357 So.2d 524 (La.1978). On the date of the second trial, Miller pled guilty. At the trial of Smith, the prosecutor wished to call Miller to the stand to testify as a witness. Miller, through his counsel, successfully argued that one of his client's prime considerations for entering his guilty plea was that he would not be required to testify and he would take the Fifth Amendment if called to the witness stand. Then the prosecutor announced his intention to call the court clerk to testify as to Miller's plea. Defense counsel objected based on the best evidence rule, but did not object because of irrelevancy to the guilt of defendant Smith as he argued on appeal. The Supreme Court noted in dicta that the prohibition against the usage of a guilty plea by an accomplice is not absolute, but is sometimes relaxed according to the particular circumstances of the case, citing U.S. v. King, 505 F.2d 602 (5th Cir.1974). However, the Smith, supra, case was decided because counsel failed to make a valid contemporaneous objection. Smith's conviction and sentence were affirmed.
In U.S. v. King, supra, the Fifth Circuit addressed a similar issue. King, Snyder and Waldorf were indicted together on charges of fraudulently using telephone conversations in interstate commerce to obtain money. At King's trial, Snyder appeared as a witness on King's behalf and Waldorf testified for the government. The fact of Waldorf's guilty plea was first mentioned by the trial judge in connection with the defense counsel's opening statement that Waldorf was a convicted felon with an extensive criminal record. The prosecutor on direct examination of Waldorf had Waldorf admit to all of his prior convictions, including the guilty plea in the transaction in question. Defense counsel did not object nor did he request the jury be admonished. The guilty plea was again brought to the jury's attention on the cross-examination of Waldorf by defense counsel. The jury was instructed that both Snyder's and Waldorf's prior convictions should be considered *570 by them as reflecting only on their credibility as witnesses. On appeal King contended that the trial court's failure to instruct the jury that a co-defendant's guilty plea may not be considered as substantive evidence of the defendant's guilt mandated a reversal of King's conviction. The court stated:
We recognize that there is potential prejudice inherent in a witness' statement that he was the defendant's accomplice or co-conspirator, and that he has pled guilty to the crimes for which the defendant is charged. One person's guilty plea or conviction may not be used as substantive evidence of the guilt of another. The introduction of a co-defendant's guilty plea is permissible, however, when its use is limited to proper evidentiary purposes such as to impeach trial testimony or to reflect on a witness' credibility.
Nonetheless, this circuit has emphasized that cautionary instructions by the trial court are both essential and effective in avoiding prejudice where the fact of a co-conspirator's guilty plea is brought out at a trial before a jury. But, as our cases make clear, the lack of an instruction does not necessarily constitute reversible error. Our focus on review is fairness, and jury instructions are but one factor to be considered in determining whether the proceedings below unfairly prejudiced the substantial rights of the accused.
The Court held that defense counsel's actions regarding Waldorf's criminal record opened the door to the Government's introduction of the evidence of Waldorf's plea. In so doing, King waived his claim that the introduction of Waldorf's plea was erroneous. See also U.S. v. Harrell, 436 F.2d 606 (5th Cir.1970); U.S. v. DeLucca, 630 F.2d 294 (5th Cir.1980); cert. den. 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 819 (1981); U.S. v. Borchardt, 698 F.2d 697 (5th Cir.1983).
In State v. Green, 471 So.2d 292 (La.App. 4th Cir.1985), this court held that the trial court did not err when it did not allow the defendant to disclose that a previous co-defendant pled guilty.
In the present matter, counsel moved for a mistrial, claiming that the knowledge of the co-defendants' guilty pleas might cause the jury to infer the defendant's guilt. Because the defense counsel proceeded to question the jury regarding the pleas, it could be argued that counsel waived any objection to the jury's knowledge of these facts. However, no direct evidence of these pleas was later introduced by the State because neither Green or Moss were ever called to the witness' stand. Nevertheless, when the trial court reconvened the next day the trial judge and defense counsel asked the jurors the following questions concerning the guilty pleas:
"BY THE COURT:
Good morning, ladies and gentlemen. Before we begin, I'm going to permit counsel to ask you a few questions in view of what happened yesturday.
First, I'd like to ask you if there's any reason why any of you cannot presume the defendant to be innocent at this point? Is there any reason why you cannot look at him as he sits there and presume him to be as innocent as any one else in this room? You've heard no evidence; you've got no reason to do otherwise. Is there any reason why any of you cannot do that?
(ALL JURORS GIVE A NEGATIVE RESPONSE)
BY THE COURT:
Is there any reason why each of you cannot listen to the evidence that's presented, whatever evidence is presented, impartially without any preconceived notion, without any prejudices or biases against the defendant? Can you do that? Can you listen to the witnesses and take them as they come and make up your own mind impartially and in an unbiased manner?
(ALL JURORS GIVE AN AFFIRMATIVE RESPONSE)
BY THE COURT:

*571 And after you've done that, is there any reason why you could not accept the law in the case as given to you by the Judge at the conclusion of the trial and apply that law impartially to the evidence that you've heard? Is there any reason why any of you cannot do that?
(ALL JURORS GIVE NEGATIVE RESPONSE)
BY THE COURT:
Do you all understand what I'm saying?
(ALL JURORS GIVE AN AFFIRMATIVE RESPONSE)
We conclude that any possible error which may have resulted from the juror's knowledge of the co-defendants' guilty pleas was properly handled by the trial court. The jurors' responses to the trial judge's and defense counsel's questioning established that the jurors had not formed an opinion relative to the defendants guilt and would abide with the trial judges instructions. This assignment lacks merit.
Assignment of Error III
By this assignment of error, the defendant maintains that the trial court erred by imposing an excessive sentence. The defendant was sentenced to serve ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence, the maximum term of imprisonment for armed robbery. R.S. 14:64.
The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, ___ U.S. ___, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also, State v. Davis, 449 So.2d 452 (La.1984); State v. Savage, 454 So.2d 288 (La.App. 4th Cir.1984). In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. Art. 894.1 in determining the defendant's particular sentence. State v. Davis, supra; State v. Quebedeaux, 424 So.2d 1009 (La. 1982), appeal after remand, 446 So.2d 1210 (1984).
Once adequate compliance with C.Cr.P. Art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Brogdon, supra; State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
In the present matter, the defendant maintains that the trial court failed to adequately comply with C.Cr.P. Art. 894.1 by its failure to consider any mitigating factors. The defendant also argues that the present maximum sentence is greatly disproportionate to the offense and that this particular defendant is not among the most egregious and blameworthy of armed robbers.
The sentencing transcript reveals that the trial judge carefully considered the heinous nature of the crime. He noted that the defendant and three others, all armed with pistols, brutalized and robbed the employees and proprietor of a grocery store, taking more than $15,000.00. During the robbery one victim was struck in the head, while another victim was grazed by a shot. The trial court also indicated that the defendant had previous arrests for simple burglary, aggravated battery, aggravated assault, aggravated escape, simple battery, and being a convicted felon in possession of firearm. The defendant had previously been convicted of armed robbery and was sentenced to serve fifteen years in 1970 and, in 1978, he was convicted of violating R.S. 14:95.1 for which he served five months. The court found the defendant a "continuing menace to the law abiding community".
*572 The trial court gave only a cursory acknowledgement of C.Cr.P. Art. 894.1 erroneously expressing the following view:
As the law does not permit suspension of sentence or probation in armed robbery, the court is not board (sic) by the guidelines set forth in Code of Criminal Procedure Article 894.1. The court finds not withstanding that none of the factors set forth in Paragraph B of that article, apply and that Paragraph A 1 and 3 do apply.
The sentencing court must state for the record the considerations taken into account and the factual basis thereof and must, in effect, justify the sentence with factual reasons. C.Cr.P. Art. 894.1(C). State v. Soco, 441 So.2d 719 (La.1983). In Soco, supra, a sentence of ninety-nine years for armed robbery was imposed by the trial court and was remanded for resentencing because the trial court failed to adequately comply with C.Cr.P. Art. 894.1. Thus, it appears that the trial court is erroneous in his belief that C.Cr.P. Art. 894.1 does not apply to armed robbery convictions. However, the trial court did enunciate some factual considerations for sentencing. It is not necessary that there be a full recitation of the factors listed in C.Cr.P. Art. 894.1 in the trial court's reasons for sentence as long as there is evidence elsewhere in the record that the factors have been considered and that the sentence was tailored to fit the particular defendant and his particular crime. State v. Nelson, 449 So.2d 161, 164 (La.App. 4th Cir.1984). State v. Soco, supra.
Moreover, even if non-compliance with C.Cr.P. Art. 894.1 is found, a remand for re-sentencing does not automatically follow. When the sentence imposed is not apparently severe, State v. Russel, 397 So.2d 1319 (La.1981), or where the record otherwise illumines the sentencing choice, State v. Robicheaux, 412 So.2d 1313 (La. 1982), a remand for resentencing is not needed. This court may look to similar cases in order to determine if the present case is one of the most egregious violations, warranting the imposition of a ninety-nine year sentence, the maximum penalty for armed robbery.
In State v. Nelson, supra, the court upheld a sentence of ninety-nine years for armed robbery. In that case, the armed defendant and another man entered an auto parts store, took money from the cash register and a bank bag prepared for deposit. The defendant held a gun to the head of one of the victims and threatened to shoot the two victims if they followed. When the two perpetrators fled, the victims chased them and were shot at by the defendant. The defendant was on probation from a Florida conviction at the time of this robbery. In sentencing the defendant, the trial judge concluded that here were no mitigating factors. Although the trial judge did not enumerate every factor listed in C.Cr.P. art. 894.1, this court determined that the maximum sentence imposed was not excessive.
In State v. Roberson, 445 So.2d 12 (La. App. 4th Cir.1983) writ den. 449 So.2d 1344 (La.1984), this court again upheld a ninetynine year sentence for armed robbery. In Roberson, supra, two armed men entered an office at a country club, demanded money from an employee, forced eight employees into a walk-in vault, closed the door behind them and also took another employee's purse as they were leaving. Roberson's juvenile and adult criminal record indicated that he was extremely dangerous.
In State v. Douglas, 389 So.2d 1263 (La. 1980), the Supreme Court upheld a sentence of ninety-nine years for armed robbery. In that case, the robbery occurred at the victim's home at night. The defendant's criminal history included three prior felony convictions.
In the present matter, the robbery occurred at a store with the owner, two employees, and several customers present. All those present were terrorized; the owner was struck in the head, one of the employees was grazed by a bullet. The defendant had six previous felony arrests and two prior convictions, one of which was for armed robbery. Given the circumstances *573 of this case and the particular offender, the sentence imposed by the trial court is not excessive.
This assignment of error lacks merit.
Accordingly, for the reasons expressed above the defendant's conviction and sentence are hereby Affirmed.
AFFIRMED.