526 So.2d 352 (1988)
STATE of Louisiana
v.
Ernest GUILLOT and Traci Wale.
No. KA-8125.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
*353 Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Ernest Guillot.
Philip E. O'Neill, Gretna, for defendant-appellant Traci J. Wale.
*354 Before BYRNES, CIACCIO and LOBRANO, JJ.
BYRNES, Judge.
Defendants, Ernest Guillot and Traci Wale, were convicted of aggravated battery, a violation of R.S. 14:34. Guillot was sentenced to eight years at hard labor and Wale to three years at hard labor. Defendants appeal their convictions and sentences. We affirm.

FACTS
On December 16, 1986, Guillot and Wale were in the billiard room at O'Reilly's Bar in New Orleans when a fight erupted between the pair. Dr. Joe Coward, a patron of the bar, heard the commotion and went to investigate. He saw Guillot holding Wale by her neck against the wall. Dr. Coward apparently told Guillot "you don't need to do that", which prompted Guillot to beat Dr. Coward over his head and back with several pool cues until they broke and threw pool balls at him. Wale joined in the attack by hitting Dr. Coward across the back with a bar stool. Dr. Coward, bloodied and disoriented, stumbled out of the bar and made his way home. Guillot and Wale left the bar and walked across the street to the Econolodge Motel where they were guests.
The barmaid at O'Reilly's, Ms. Kinder, witnessed part of the incident and called the police. She also obtained Dr. Coward's home phone number from another bartender and called Dr. Coward to inform him that he should return to the bar to assist in the police investigation.
When the police arrived, they were directed to the Econolodge by Kinder, who knew that defendants were staying there. When the police officers attempted to arrest defendants, a fight started and the officers were forced to subdue Guillot and Wale. Defendants were then led from the Econolodge to the patrol car parked in front of O'Reilly's Bar. Kinder, who was washing blood off the front doors of the bar, saw the defendants and said, "They got them".
The police took defendants directly to Charity Hospital for treatment of the injuries they sustained while resisting arrest. While defendants awaited treatment, Dr. Coward arrived and identified the pair as his assailants. Guillot and Wale were subsequently charged with and convicted of aggravated battery.

ASSIGNMENTS OF ERROR BY DEFENDANT WALE
By her first assignment of error, Wale asserts that the trial court erred by not appointing separate counsel for each defendant thus denying them the right to effective counsel. We disagree.
Representation of more than one defendant does not violate the Sixth Amendment to the United States Constitution or Article I, Section 13 of the Louisiana Constitution unless it gives rise to a conflict of interest. State v. Kahey, 436 So.2d 475 (La.1983). Moreover, separate counsel need not be appointed by the trial court if the risks of a conflict are too remote to warrant separate counsel. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978).
In the present case, defense counsel motioned for appointment of separate counsel based on counsel's belief that Guillot was more culpable than Wale and that such a situation gave rise to a conflict of interest. In denying the motions, the trial court concluded that there was no showing made that the defense of both defendants by the same attorney presented a conflict of interest. We agree.
To begin with, the degree of culpability of each defendant is not relevant to their guilt or innocence of aggravated battery. There are no degrees of aggravated battery. R.S. 14:34. Moreover, at trial the evidence showed that both defendants were equally culpable of battering Dr. Coward. As this was the only ground presented to the trial judge in support of the motion, we cannot say that denial of the motion was error. The trial transcript also establishes that no conflict of interest developed during trial. Thus, even if the trial judge had *355 erred by denying the motion, the error was ultimately harmless.
This assignment of error is without merit.
By assignment of error number two, Wale contends that the trial court improperly curtailed defense counsel's cross-examination of Kinder, the State's leading witness. Specifically Wale complains that the trial court prevented defense counsel from questioning Kinder about her relationship with the victim, Dr. Coward. We disagree. The trial transcript shows that defense counsel did, in fact, cross-examine Kinder about her relationship with Dr. Coward without restriction by the trial court. While the trial court did curtail defense counsel's cross-examination of Kinder at the motion to suppress hearing concerning her relationship with Dr. Coward, we find no error in the trial court's ruling since this line of questioning was not relevant to the issues presented at the motion to suppress hearing.
This assignment of error is without merit.
By assignment of error number three, Wale (and Guillot) contend that the identification of defendants by Kinder and Coward was suggestive. We disagree. Before an identification procedure will be suppressed, the defendant must prove that the identification was suggestive and that a likelihood of misidentification resulted from the identification procedure. State v. Prudholm, 446 So.2d 729, 738 (La.1984); State v. Holmes, 516 So.2d 184 (La.App. 4th Cir. 1987). Furthermore, when immediate and definite identifications result from inadvertent meetings between the victim or witness and suspects, and there is no indication of impropriety or suggestiveness, an out-of-court identification will be found both reliable and admissible. State v. Gabriel, 450 So.2d 611 (La.1984); Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
In the instant case, defendants were identified by Kinder and Dr. Coward as a result of inadvertent meetings. As police led defendants to the squad car parked in front of O'Reilly's and past Kinder, who was washing blood from the front doors of the pub, Kinder was overheard by police as stating, "They got them". The second identification occurred in the Charity Hospital emergency room where Dr. Coward appeared without instructions from police and looking at defendants, stated to police, "that's the two that beat me up". Both of these identifications occurred within two hours of the attack. Kinder and Dr. Coward made definite identifications without the prompting of police. Nothing in the record suggests police impropriety or suggestiveness. These identifications were reliable and admissible.
This assignment of error is without merit.
By her fourth assignment of error, Wale asserts that her sentence of three years at hard labor is excessive. We disagree. Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering". State v. Brogdon, 457 So.2d 616, (La.1984), cert den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). The trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Cann, 471 So.2d 701 (La.1985).
To ensure adequate appellate review, there must be an indication in the record that the trial court considered both aggravating and mitigating factors set forth in C.Cr.P. Art. 894.1 when sentencing the defendant. State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986).
When sentencing Wale in the present case, the trial court adequately complied with the requirements of C.Cr.P. Art. 894.1, as is apparent from the following portion of the transcript:

*356 In this particular matter considering the mitigating circumstances Miss Wale's participation was relatively minor with regard to Mr. Guillot's, but further considering Miss Wale has two prior felony convictions and a misdemeanor conviction, feeling that any lesser sentence would derogate from the seriousness of the matter, I sentence Miss Wale to serve three years in the department of corrections at hard labor with credit for time served, court costs waived.
Under the circumstances, we conclude the trial court did not abuse its discretion in sentencing Wale to three years at hard labor, seven years less than the maximum which could have been imposed under R.S. 14:34.
This assignment of error is without error.

ASSIGNMENTS OF ERROR BY DEFENDANT GUILLOT
By assignment of error number one, Guillot alleges that his sentence of eight years at hard labor was excessive. The law on this issue is set forth above in defendant Wale's assignment of error number four. Prior to sentencing, the trial court detailed Guillot's extensive criminal history. Guillot also admitted that he had been out of jail eight months when this underlying offense occurred. In announcing sentence, the trial court stated:
"With regards to Mr. Guillot, due to the fact of his lengthy arrest register and his conviction record and due to the fact that the victim was seriously injured but could have been more seriously injured and feeling any lesser sentence would derogate from the seriousness of the matter, it is the sentence of this court Mr. Guillot serve eight years in the Department of Corrections at hard labor..."
We find no abuse of discretion in the trial court's sentencing of Guillot. The trial court complied with the sentencing guidelines of C.Cr.P. Art. 894.1. Additionally, the eight year sentence at hard labor is two years less than the maximum set forth in R.S. 14:34.
This assignment of error is without merit.
By assignment of error number two, Guillot asserts that he was denied the effective assistance of counsel. In our treatment of defendant Wale's assignment of error number one, we addressed the trial court's denial of defense counsel's motion for appointment of separate counsel. In addition to that argument, Guillot also claims that he was denied effective counsel because defense counsel did not adequately prepare or investigate prior to trial. Ordinarily, the claim of ineffective assistance of counsel is considered on an application for post conviction relief after the district court conducts a full evidentiary hearing. State v. Landry, 499 So.2d 1320 (La.App. 4th Cir.1986). However, when the record provides sufficient evidence to decide the issue of ineffective assistance of counsel raised on appeal, that issue may be considered in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983).
Guillot's claim of ineffective assistance of counsel must be assessed by the two part test posited by the Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Washington, the defendant must show both that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's deficient performance is ineffective when it can be shown that the errors are so serious as to deprive the defendant of a fair trial. State v. Landry, supra at p. 1324.
In the present case, Guillot cites no specific instances of deficient performance by defense counsel. Moreover, a review of the record convinces this court that defendant was ably represented and received a fair trial. We find no merit to this assignment of error.
By his third assignment of error, Guillot asserts that the trial court erred by not admitting into evidence Guillot's medical records from Charity Hospital. We disagree. R.S. 13:3714 provides:

*357 Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents provided that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination.
Defense counsel in the present case attempted to introduce copies of Guillot's Charity Hospital records which were uncertified. Although the copies of Guillot's hospital records were accompanied by a copy of a form letter from the Medical Record Administrator of Charity Hospital, this in our opinion does not constitute a "certified copy of the ... record ... signed by the administrator" as required by R.S. 13:3714. See State v. Trahan, 332 So.2d 218 (La.1976). The trial court correctly ruled Guillot's hospital records inadmissible.
By assignment of error number four, Guillot argues that his right to a speedy trial was denied. Because Guillot raised this issue after trial was completed, this issue is moot. C.Cr.P. Art. 701.
This assignment of error is without merit.
Guillot asserts in assignment of error five that the State waived its right to have Kinder testify at trial when the prosecution failed to request her presence at the motion to suppress hearing. We disagree. The record reflects that Kinder testified at the motion to suppress hearing held on April 9, 1987 and at the trial subsequent to this hearing.
This assignment of error is without merit.
By his last assignment of error, Guillot contends that there was insufficient evidence introduced at trial to support the conviction for aggravated battery. We disagree. In reviewing the sufficiency of evidence to support a conviction, an appellate court must view the evidence in the light most favorable to the prosecution, and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La.1984). Aggravated battery is defined as a battery committed with a dangerous weapon. R.S. 14:34. Battery is defined, in pertinent part, as the intentional use of force of violence upon the person of another. R.S. 14:33.
In the present case, Ms. Kinder testified that she witnessed defendant Guillot hit the victim with several pool cues and threw pool balls at the victim as he attempted to flee from the bar. This evidence is sufficient to support the defendants's conviction for aggravated battery. See State v. Day, 468 So.2d 1336 (La.App. 1st Cir.1985); State v. Godfrey, 476 So.2d 1174 (La.App. 3rd Cir.1985).
This assignment of error is without merit.

ERRORS PATENT
We have reviewed the record for errors patent and have found none.
For the above reasons, the sentences and convictions of defendants, Wale and Guillot, are affirmed.
AFFIRMED