ARMSTRONG, Judge.
Defendant, Ernest Woolridge appeals from his jury conviction for four counts of armed robbery for which he was sentenced to serve ninety-nine years at hard labor on each count, with the sentences to run concurrently. Defendant now appeals raising six assignments of error.
On June 12, 1986, at approximately 1:30 a.m., three men entered Pat’s Restaurant, located near the corner of Dryades and Second Streets. One of the men, wearing a stocking mask over his head, approached the cashier and Donald Lane, a customer. He pointed a handgun at them and ordered the two, and the other persons in the restaurant, to lie on the floor. Defendant and his two companions then robbed various customers, taking money and jewelry. At one point defendant went into the kitchen and spied the cook going towards a hallway. Defendant struck the cook in the *1387 head with the gun, causing the gun to discharge.
One of the restaurant owner’s children, Mark Copeland, was able to escape from the restaurant. He ran next door to a store, also owned by his father, to tell him the restaurant was being robbed. William Copeland told his wife to call the police and went to locate the rest of his children who were in the vicinity of the restaurant. After finding his children, Mr. Copeland, armed with a gun, positioned himself outside the restaurant in an alley. He saw two men and the defendant running from the restaurant. The defendant stopped and pointed his gun at Mr. Copeland, who fired at him. The three robbers then fled the scene.
On September 10, 1986, Mr. Copeland was working in his store when he saw the defendant walk past. He called the police and gave a responding officer a description of the defendant. Shortly thereafter the police brought the defendant to Mr. Copeland’s store where he identified him.
At trial defendant testified that he had been in Pat’s Restaurant earlier on the evening of the robbery to pick up dinner. He also testified that he had been in the restaurant numerous times before and since the robbery, but denied being involved in the robbery. In addition to Mr. Copeland, three other witnesses testified that the defendant was one of the perpetrators of the robbery.
A review of the record reflects that there are no errors patent.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
By his first two assignments of error defendant complains of the introduction into evidence of the identification made by Mr. Copeland.
Defendant first argues that the trial court erred in allowing into evidence testimony about Mr. Copeland’s out-of-court identification because the prosecution failed to disclose that the identification had been made. Defendant also argues that the identification procedure was unduly suggestive and unreliable.
A defendant seeking to suppress an out-of-court identification procedure must prove that (1) the identification itself was suggestive, and (2) that a likelihood of mis-identification resulted from the identification procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La.1984); State v. Guillot, 526 So.2d 352 (La.App. 4th Cir.1988).
In cases where there have been inadvertent meetings between the victim or a witness and the suspect(s), courts have found resulting identifications admissible where the identification was definite and immediate, and there was no indication of impropriety or suggestiveness. State v. Gabriel, 450 So.2d 611 (La.1984); State v. Guillot, supra. In State v. Bickham, 404 So.2d 929 (La.1981), the Louisiana Supreme Court stated:
“Such identification procedures are generally permitted when the accused is apprehended within a short time after the offense and is returned to the scene of the crime for an on-the-spot identification. A prompt in-the-field identification, under appropriate circumstances, promotes accuracy, as well as expediting the release of innocent suspects.”
In Bickham, the suspect was apprehended immediately after the commission of the crime and returned to the scene where the victim identified him as the assailant. The court found that under these circumstances there was no substantial risk of misidentification.
In the instant case the identification was made by Mr. Copeland three months after the robbery. Mr. Copeland identified the defendant when he walked past his store. He gave police a fresh description of the defendant and the clothing he was wearing. The arresting officer testified that the suspect he picked up several blocks from the restaurant matched Mr. Copeland’s description “exactly.” He brought the defendant back to Mr. Copeland who positively identified him as the person, whom he had minutes earlier, identified as the robber.
*1388 Under these circumstances we are unable to say that the identification made by Mr. Copeland after the suspect was picked up by police was suggestive. Therefore, the identification itself did not operate to deprive defendant of his constitutional right to due process.
When Mr. Copeland began testifying about the out-of-court identification, defense counsel made a timely objection. The jury was removed from the courtroom and counsel motioned for a mistrial on the grounds that the failure of the State to inform the defense of this identification prejudiced the defendant. The trial court offered to hold a suppression hearing at that time and asked defense counsel how defendant would be prejudiced. The trial court subsequently denied counsel’s motion for mistrial after he could not show prejudice. The hearing was held and defendant’s motion to suppress was also denied.
On appeal defendant argues that he was prejudiced because he was misled as to the strength of the State’s case, was deprived of the opportunity to prepare a defense to the identification evidence, and was unable to intelligently plan his trial strategy. Defendant cites a decision by this court in support of his assertion that the trial court erred in denying his motion for a mistrial. In State v. Jackson, 454 So.2d 398 (La.App. 4th Cir.1984), this court reversed a trial court’s denial of a defendant’s motion for mistrial, where the State specifically informed the defense that only one of its two witnesses had made a pretrial identification.
In Jackson, supra, one of the defendant’s discovery requests was for information concerning any identifications of the defendant as the perpetrator of the offense charged. At a joint hearing on the discovery requests the State specifically informed the defense that one particular witness had never participated in a formal identification procedure. At trial it was brought out that in fact this witness had, some two months previously, identified a photograph of the defendant. The photograph was shown to the witness by an Assistant District Attorney at a prior court proceeding. We found that, because the State, however unintentionally, had provided an inaccurate and misleading response to a specific discovery request, the defendant was effectively deprived of the opportunity to prepare a defense to the identification evidence.
We pretermit discussion of whether or not the trial court erred in denying defendant’s motion for mistrial. For even if we found that the trial court erred, under La.C.Cr.P. art. 921 we could not reverse the trial court’s ruling, or defendant’s conviction, unless that ruling affected the “substantial rights of the accused.” The decisive issue is whether such an error was harmless; the record convinces us that it was.
In State v. Gibson, 391 So.2d 421 (La.1980), the Louisiana Supreme Court adopted the federal harmless error rule as set forth by the U.S. Supreme Court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In Chapman, the court stated that “before a federal constitutional error can be held harmless, the [reviewing] court must be able to declare a belief that it was harmless beyond a reasonable doubt.” In Gibson, the Louisiana Supreme Court adopted the Chapman standard for reviewing cases involving violations of a defendant’s federal constitutional rights and stated that the rule provides a “helpful supplemental guide in cases involving only errors of state procedure or state law.”
We have already found that the identification was constitutional. Defendant presents no evidence in his brief that would lead us to believe that he would have prevailed in a motion to suppress hearing before trial, or after he had otherwise had an opportunity to prepare for it. No evidence is shown to indicate that the defense would have used a different trial strategy had it known that Mr. Copeland had previously seen and identified the defendant as one of the robbers. We note that the defendant had already lost a motion to suppress hearing on a pretrial identification made by another eyewitness.
*1389 Viewing all of these circumstances we conclude that even if the trial court erred in failing to grant a mistrial, that error was harmless beyond a reasonable doubt.
These assignments are without merit.
ASSIGNMENT OF ERROR NO. 3
By his third assignment of error defendant claims that the prosecution improperly withheld exculpatory information from it. During the defense’s cross examination of Donald Lane, it was learned that Lane had been unable to positively identify a suspect when presented a photographic lineup. He stated that he believed a person in the lineup could have been one of the the robbers, but that the complexion of that person was lighter than the robber’s. He therefore declined to make a positive identification. Counsel for defendant did not make a contemporaneous objection, but objected much later in the trial.
The record contains no discovery requests by the defendant, but on appeal he argues that he filed them, and claims that the State, in its answers, denied that any such evidence existed. We will assume for the sake of argument that the discovery requests were filed and that the State answered as defendant claims. We will also assume that the photographic lineup shown to Mr. Lane contained a photo of the defendant, although there was no testimony that it did.
La.C.Cr.P. art. 718 provides that upon motion of the defendant, the court shall order the State to give defendant access to materials “which are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, .... ” In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the U.S. Supreme Court held that the suppression by the prosecution of evidence favorable to an accused, after being requested by him, violates due process, where that evidence is relevant to either guilt or punishment. The evidence is considered material only if it can be said that there is a “reasonable probability” that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Bag-ley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). See also State v. Rosiere, 488 So.2d 965 (La.1986); State v. Hudnall, 522 So.2d 616 (La.App. 4th Cir.1988), writ denied 530 So.2d 83 (La.1988).
In the instant case the defendant was identified in court as one of the perpetrators of the armed robberies by four witnesses, including Mr. Lane. On cross examination Mr. Lane freely admitted that at a prior photographic lineup he was unable to identify a suspect. But, he also stated that one of the men pictured looked like one of the robbers. Thus, the jury was exposed to this evidence, and was free to consider it during their deliberations. Under these circumstances we are unable to say that there was a reasonable probability that the outcome of the proceeding would have been different had the alleged exculpatory evidence been disclosed to the defense before trial.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
By his fourth assignment of error defendant asserts that the trial court erred in allowing into evidence the photographic lineup. He claims that the photographs were suggestive because they were not uniform in appearance and that the picture of the defendant was emphasized. He does not specify exactly in what way the pictures were not uniform and how the defendant was emphasized. He also claims that, when introduced into evidence, the photographs contained numerous alterations and deletions.
This assignment of error relates to, and is inseparable from, the identification procedures themselves. Defendant failed in his motion to suppress out-of-court identifications made by two witnesses based on these very photographs. He does not raise as error these trial court rulings. Nevertheless we will examine the lineup to determine if it is suggestive.
A photographic lineup may be unduly suggestive if the photographs display a defendant so singularly that a witness’s attention is unduly focused upon that de *1390 fendant. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Flank, 537 So.2d 236 (La.App. 4th Cir.1988).
A review of the photographic lineup does not show it to be unduly suggestive or that it emphasizes defendant. All of the men have similar features, and there is nothing to show that defendant’s photograph was given undue emphasis.
As to the deletions referred to by defendant, each photograph has a piece of white tape which covers the name, arrest date and number of the men. These deletions were necessary to avoid suggestiveness.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 5
By this assignment of error defendant argues that the trial court erred when it allowed the prosecution to introduce into evidence a certified copy of defendant’s prior conviction for possession of marijuana, even though the defendant admitted to the conviction during his testimony.
On direct examination defendant admitted that he had been convicted for battery of a police officer in 1985. On cross-examination defendant was asked about a prior conviction for possession of marijuana. He admitted to pleading guilty but denied that he had in fact possessed the marijuana. He said he pled guilty because he was told that he would receive credit for time he had already served in prison and would be released. The prosecution subsequently introduced into evidence defendant’s guilty plea to the possession charge, and a waiver of rights form executed at the same time. Defendant argues that the introduction of this evidence, both testimonial and documentary, was prejudicial and created a collateral issue which distracted the jury.
"Under La.R.S. 15:495, evidence of a prior conviction can be used for impeachment purposes. The defendant can also be questioned about the details of a prior conviction so as to show its true nature, subject to the limitation that his rights may not be prejudiced by an expansive reference to the details of the crime. State v. Neslo, 433 So.2d 73 (La.1983); State v. Steward, 483 So.2d 155 (La.App. 4th Cir.1986). A trial judge has great discretion over the prosecution’s examination of the defendant on the details of the prior conviction, and his rulings thereon will not be disturbed on appeal unless there has been an abuse of discretion. State v. Steward, supra.
The cross-examination of defendant in this case was directed toward the reasons for his guilty plea to the possession of marijuana charge for purposes of impeaching defendant. There is nothing to show the trial judge abused his discretion in allowing the prosecution to question defendant on this matter.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 6
By his last assignment of error defendant claims that the trial court erred in sentencing him to serve ninety-nine years at hard labor, the maximum sentence. The defendant was convicted of four counts of armed robbery. He was sentenced to serve ninety-nine years on each count, with all four sentences to run concurrent. Defendant argues the sentence is unconstitutionally excessive under the circumstances.
Although a sentence is within the statutory limit, it may still be unconstitutionally excessive if it is nothing more than the needless and purposeless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984), certiorari denied, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). In imposing sentence, the trial court must comply with La.C.Cr.P. art. 894.1 and consider both the aggravating and mitigating circumstances in determining the sentence. It is not necessary that there be a full recitation by the court of all the factors listed in art. 894.1, as long as there is evidence in the record that the factors have been considered, and that the sentence has been tailored to fit the defendant and his particular crime. State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984).
If there is adequate compliance with La.C.Cr.P. art. 894.1, the reviewing court must determine whether the sentence is too severe considering the particular defendant *1391 and the circumstances of his case. State v. Isaac, 487 So.2d 565 (La.App. 4th Cir.1986), writ denied 530 So.2d 80 (La.1988). Maximum sentences are to be reserved for the most egregious offenders. State v. Brogdon, supra; State v. Isaac, supra. Even if the requirements of art. 894.1 have not been complied with, a remand for resen-tencing is unnecessary where the sentence imposed is not apparently severe or where the record otherwise illumines the sentencing choice.
In sentencing the defendant the trial judge noted that he had been previously arrested for resisting arrest, simple robbery, simple assault, aggravated assault, battery, disturbing the peace, possession of stolen things, jumping bail, and criminal damage to property. He also noted defendant’s two prior misdemeanor convictions for possession of marijuana and battery of a police officer. The trial judge stated that this prior record indicated the defendant was likely to commit other crimes. The trial judge also noted the circumstances of the robbery, including the pistol whipping of the cook and the terror endured by the patrons of the restaurant during the robbery. The trial judge stated that a lesser sentence would deprecate the seriousness of the offense. The defendant was twenty-six years old and married.
A review of the sentencing transcript shows there was adequate compliance with La.C.Cr.P. art. 894.1. Considering defendant’s record and the nature of the offense, the sentence imposed is not excessive when compared with others we have examined.
For the foregoing reasons we affirm the conviction and sentences of the defendant.
AFFIRMED.