573 So.2d 1277 (1991)
STATE of Louisiana
v.
Solomon J. JAMES.
No. 89-KA-1233.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1991.
*1278 Harry F. Connick, Dist. Atty., Daniel A. Claitor, Asst. Dist. Atty., New Orleans, for plaintiff.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The Defendant, Solomon James, was charged by bill of information with forcible rape. Following a trial by a twelve member jury the defendant was found guilty of attempted forcible rape, a violation of La. R.S. 14:27 (42.1). He was sentenced to twenty (20) years at hard labor.
The record reflects that on the morning of September 17, 1988, the victim (she will not be referred to by name due to the nature of the crime) was walking home from work. When she was near the intersection of Clio and South Roman Streets, a man passed her walking in the opposite direction. Seconds later, the victim was grabbed from behind by that same man who told her that if she screamed or resisted, he would kill her. He held her by the neck and told her to get onto the grass. She injured her knee and elbow in doing so.
Her assailant, whom she later identified as the defendant, started kissing her, and she could smell alcohol on his breath. He pulled down her pants and told her to put his penis in her vagina, which she did. A motorist passed by and asked what they were doing, and defendant said that he was making love to his "old lady." The motorist told them that the police were on their way, and he left. The police arrived shortly thereafter, and Officer Jesse Farmer saw the victim and defendant. He ordered them to stop; and when they did not, he nudged defendant and identified himself as a policeman. Defendant got up and tried to pull up his pants over his erect penis. The victim was crying and told Officer Farmer she had been raped.
The vaginal examination of the victim was negative for the presence of sperm. The doctor who examined the victim found new abrasions on her knee and elbow as well as grass stains on her buttocks.
Defendant testified he was drunk at the time and remembered only grabbing a woman and falling to the ground with her. He did not recall having sexual intercourse and denied his pants were down when the police arrived. He said he was asleep when the police showed up. Officer Farmer testified that Defendant was not intoxicated.
A review of the record reveals two errors patent. Neither the minute entry for sentencing nor the sentencing transcript reveal whether or not defendant was present at sentencing. Since that time the trial court has issued a per curiam which reflects that the defendant was indeed present.
The second error patent also concerns sentencing. Defendant was convicted of attempted forcible rape which meant the maximum sentence would be twenty years at hard labor with the condition that at least one year of the sentence had to be imposed without benefit of probation, parole or suspension of sentence. R.S. 14:27, 14:42.1. Defendant's sentence does not include this condition, and thus it is illegally lenient. Since this is an error patent favorable *1279 to defendant and the State has not complained, the illegally lenient sentence cannot be corrected in this appeal. State v. Fraser, 484 So.2d 122 (La.1986); State v. Wilson, 526 So.2d 348 (La.App. 4th Cir. 1988).
In his first assignment of error, Defendant complains the trial court erred in refusing to excuse for cause prospective juror No. 54, Lucinda Campbell. Defendant had to use a peremptory challenge to excuse her, and Defendant ultimately used all of his twelve peremptory challenges. Defendant argues that the State failed to rehabilitate her and eliminate her bias.
During voir dire, the following transpired:
BY MR. MEYER:
Miss Campbell, you said you had experienced something similar in your past?
BY JUROR # 54, LUCINDA C. CAMPBELL:
Yes.
BY MR. MEYER:
Excuse me?
BY JUROR # 54, LUCINDA C. CAMPBELL:
(Affirmative response.)
BY MR. MEYER:
Are you certain that that experience will not in anyway affect your verdict today?
BY JUROR # 54:
I really don't know at this point.
BY MR. MEYER:
Well, I mean it would seem to me or not, you can correct me if I am wrong, but wouldn't you sort of be tempted at least to favor this prosecution, I mean favor thethe witness, the prosecuting witness? I mean wouldn't you identify with her a little bit?
BY JUROR # 54:
I just might, yes.
BY MR. MEYER:
Would seem natural to me.
BY JUROR # 54:
Yes.
BY MR. MEYER:
I am notI am not being critical but
BY JUROR # 54:
I know.
BY MR. MEYER:
it would seem natural to me that you would.
BY JUROR # 54:
Yes.
BY MR. MEYER:
And if it got down, and I don't know, I mean I haven't heard her testify or anything but if it got down to a question of her story versus Solomon James' story, would you believe the experience you have would really kind of make you lean toward accepting her story?
BY JUROR # 54:
I think so.
BY MR. MEYER:
Excuse me?
BY JUROR # 54:
I think so.
BY MR. MEYER:
Thank you, Miss. I would ask that Miss Campbell be excused for cause.
BY MR. WALKER:
Could I traverse, Your Honor?
BY THE COURT:
Yes.
BY MR. WALKER:
You said you would tend to believe what she said. You know that you are supposed to believe what the person says when they get on the stand.
BY JUROR # 54:
Right.
BY MR. WALKER:
In other words they get on the stand you are supposed to believe everything they say until you see something that says they are not telling the truth.
BY JUROR # 54:
This is true.
BY MR. WALKER:
And for instance if she were to get on the stand and she were to say something that you just thought that can't be true, I can't believe that that would happen, then you shouldn't believe her as much. Would you do that for me?
BY JUROR # 54:
Yes.
*1280 BY MR. WALKER:
And if she got on the stand and said something like that and he got on the stand and said something that made sense and you believed what he said
BY JUROR # 54:
I would.
BY MR. WALKER:
would you believe him?
BY JUROR # 54:
Yes.
BY MR. WALKER:
Okay. So, you couldyou could judge him.
BY THE COURT:
What is the ground for challenge?
BY MR. MEYER:
Because the witness has a bias in favor of the prosecuting witness in this case, which is understandable since she had been the victim of an attempt rape not too many years ago.
BY THE COURT:
Is that true, Miss Campbell?
BY THE JUROR # 54:
Yes.
BY THE COURT:
And you are biased for the victim in this case?
BY JUROR # 54"
I guess I have to hear both sides, I
BY THE COURT:
You would have to hear both sides?
BY JUROR # 54:
Right.
BY THE COURT:
Your mind is not made up at this point?
BY JUROR # 54:
No.
BY THE COURT:
Challenge is denied.
The trial court has broad discretion in ruling on a challenge for cause, and the trial court's ruling should not be disturbed on appeal absent a showing of abuse of that discretion. State v. Celestine, 443 So.2d 1091 (La.1983), cert. den. Celestine v. Louisiana, 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 154 (1984). A review of the voir dire of Ms. Campbell demonstrated that the bias initially shown by her was removed when she was rehabilitated by further questioning by the State. She stated she would have to hear both sides and that her mind was not made up at that point. The trial court did not abuse its discretion in denying the challenge for cause. This assignment of error is without merit.
In his second assignment of error, Defendant complains the trial court erred in imposing an excessive sentence considering he was a twenty-two year old first offender with two prior arrests, one of which was when he was a juvenile. He also points to his having recently been in treatment for alcohol abuse and his being intoxicated at the time of the offense. Defendant argues he should not have been given the maximum sentence.
At the sentencing hearing, the trial judge noted Defendant's arrest in 1979 for illegally carrying a knife and another arrest in 1986 for aggravated battery. The trial judge stated that there was nothing to mitigate the act and that the officer who arrested defendant testified he was not intoxicated. The trial judge also noted that the victim was a mental out-patient and that this "aggravated" the crime.
La.C.Cr.P. art. 894.1 sets forth sentencing guidelines to be followed so the trial judge can tailor the sentence imposed on the particular defendant to the particular circumstances of the crime. It is not necessary for the trial judge to give a full recitation of the factors listed in article 894.1 as long as there is evidence in the record the factors have been considered and the sentence tailored to fit the defendant and the crime. State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984). However, even if there is non-compliance with article 894.1, a remand for resentencing is unnecessary where the sentence is not apparently severe or where the record otherwise illumines the sentencing decision. State v. Russell, 397 So.2d 1319 (La.1981): State v. Robicheaux, 412 So.2d 1313 (La. 1982). If there is adequate compliance with article 894.1, the reviewing court must determine whether the sentence is too severe considering the particular defendant *1281 and the circumstances of his case. State v. Isaac, 487 So.2d 565 (La.App. 4th Cir.1986), writ. den. 530 So.2d 80 (La.1988).
It is clear that the trial court was influenced by Defendant's prior record and the nature of this crime in giving Defendant the maximum sentence. The trial court complied with the sentencing guidelines of La.C.Cr.P. art. 894.1 and we do not find that the sentence is too severe.
For the foregoing reasons, the trial court's judgment is affirmed.
AFFIRMED.