WARD, Judge.
On September 28, 1989, the grand jury returned a true bill charging Glenn Harrison with R.S. 14:60, aggravated burglary, R.S. 14:64, armed robbery, R.S. 14:42, aggravated rape and R.S. 14:89.1, aggravated crime against nature. On October 4, 1989, Harrison was arraigned and pled not guilty. On March 21, 1990, following a two day trial, a twelve member jury returned verdicts of guilty of unauthorized entry of an inhabited dwelling, a violation of R.S. 14:62.3, guilty of first degree robbery, a violation of R.S. 14:64.1, guilty as charged of aggravated rape and aggravated crime against nature. On April 20, 1990 the trial court sentenced Harrison to serve five years at hard labor on the first count, fifteen years at hard labor on the second count, life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence on the third count and fifteen years at hard labor on the fourth count. The court ordered the sentences on the first and second counts run consecutively and the sentence on the fourth count run concurrently. The defendant moved for an appeal. This court affirmed. State v. Harrison, 588 So.2d 771 (La.App. 4th Cir.1991). The Louisiana Supreme Court granted writs and reversed finding that the instruction on reasonable doubt violated Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). State v. Harrison, 609 So.2d 789 (La.1992). The case was remanded to the trial court. On May 4, 1993, the State severed the unauthorized entry of an inhabited dwelling charge. On the same day, Harrison was tried by a twelve member jury on the aggravated rape charge, the first degree robbery charge, and the aggravated crime against nature charge and found guilty as charged. He was sentenced May 19, 1993 to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence on the aggravated rape charge, and fifteen years at hard labor on each of the other counts. The sentences are to be served concurrently. He then filed a motion for appeal.
On September 20, 1988 at approximately 5:00 p.m., the victim noticed a man talking to her neighbor. Later, the same man asked *533 for a drink of water. When she went inside to get the water, he followed her, threatened her with a screwdriver, forced her to perform oral sex, and then raped her vaginally. He demanded money and was given $15.00 or $20.00. After the man left, the victim went to her boyfriend’s house a few doors away where he called the police. The police found a bankbook and a passport bearing Harrison’s name in the victim’s apartment. The victim was described by the examining doctor as being very fearful and anxious. The victim identified the defendant in a photographic lineup. He was arrested approximately a year later in California.
R.S. 14:64.1 and R.S. 14:89.1 provide that the sentences should be served without benefit of parole, probation or suspension of sentence. Harrison was not sentenced to a denial of those benefits. However, this court will not correct errors patent favorable to the defendant where the issue is not raised by the State or the defense. State v. Fraser, 484 So.2d 122 (La.1986).
Harrison filed a motion in limine, requesting that the trial court not define reasonable doubt in its jury charge. As his first assignment of error Harrison asserts the trial court was in error by reading the following charge:
A person accused of a crime is presumed by our law to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt. It is the duty of the jury to consider the evidence and in applying that evidence to the law as given by the court to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in a case. It is the duty of the jury if not convinced of the guilt of the defendant beyond a reasonable doubt to find him not guilty. The defendant is not required to prove his innocence and he may rest upon the presumption of innocence until it is overthrown by positive and affirmative proof presented by the State. The burden, therefore, is upon the State to establish to your satisfaction and beyond a reasonable doubt the guilt of the defendant as to the crime charged. If you entertain a reasonable doubt as to any fact or element necessary to constitute the guilt of the defendant, it is your sworn duty to give him the benefit of that doubt and return a verdict of not guilty. But this doubt must be a reasonable one, that is, one founded upon a real and tangible basis and not upon mere caprice, fancy or conjecture. It must be such a doubt as would give rise to an uncertainty raised in your mind by reason of the unsatisfactory character of the evidence. Likewise, if the State has proved the guilt of the defendant to your satisfaction and beyond a reasonable doubt, you should return a verdict of guilty.
Pursuant to C.Cr.P. art. 804 the trial court “may, but is not required” to define reasonable doubt'. Harrison contends this charge violates due process and Cage v. Louisiana, 498 U.S. 89, 111 S.Ct. 328, 112 L.Ed.2d 389 (1990). However, the charge does not “literally” violate the Cage prohibition, because neither the “grave uncertainty,” “actual substantial doubt,” or “moral certainty” language found unconstitutional in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) was used by the trial court. The assignment is without merit.[1]
Next, Harrison argues that the prosecutor indirectly referred to a prior crime when he introduced the photographs used in the lineup shown to the victim. According to Harrison, the photograph was a “mug shot” taken when he was arrested in a prior matter. Harrison argues that the introduction of the photograph was unnecessary because the defense .was willing to concede identity. Harrison made this same argument in his first appeal to this court and this court rejected it finding that the argument was simply not supported by the record. The photograph was never referred to as a mug shot, *534 nor did the officer say from where he obtained the photograph. Although defendant’s counsel offered to stipulate that the victim did make the identification of the defendant’s picture, this offer came after Detective Harrison had substantially testified to the circumstances regarding the photo lineup. Therefore, the introduction of the picture itself was not any more prejudicial to the defendant, and the photograph was clearly probative. Harrison, 588 So.2d. at 771. The same series of events occurred at the second trial. This assignment is without merit.
Harrison argues that the trial court erred by not sustaining defense counsel’s objections to allegedly prejudicial remarks during the State’s rebuttal closing argument. Under C.Cr.P. art. 774, “the State’s rebuttal shall be confined to answering the argument of the defendant.”
Here, defense counsel argued that the victim did not remember all of the facts of the ease, that there were unanswered question, and discrepancies in her testimony. Then, on rebuttal, the prosecutor said: “The only source though that you can really rely upon for whether or not she’s telling the truth is what she said on the stand here. But not only today. Not only today. Because she has testified before. Ms. Cole and her two assistants—it’s been months—pouring over every single—.” The defense then objected that the defense’s trial preparation was an issue outside the evidence. Since the defense argued that the witness did not remember all of the facts of the case, and that there were discrepancies and unanswered questions, it appears that the State properly answered that argument with the suggestion that if there were inconsistencies, the defense would have pointed them out during cross-examination of the victim. The State, therefore, did not make an improper argument since it answered the argument of the defendant. Moreover, even if the prosecutor had, the trial court, upon the defense objection, reminded the jury that nothing either of the lawyers said was to be considered evidence.
This assignment is without merit.
In his fourth assignment of error Harrison argues the trial court erred in denying a defense challenge for cause during voir dire. Specifically, the defense alleges that a juror should have been excused for cause when she stated that she believed the defendant had done something wrong or else he would not have been arrested and brought to trial.
The recorded and transcribed voir dire does not contain the alleged statement. However, the defense concedes in its brief that the juror later said she could be impartial. The trial court stated “the court believes that we explained it to the juror and that she could be fair and impartial, and she understands the presumption of evidence.” The trial court is vested with broad discretion in ruling on challenges for cause, and its ruling should not be disturbed on appeal absent a showing of abuse of discretion. State v. Sugar, 408 So.2d 1329 (La.1982); State v. James, 573 So.2d 1277 (La.App. 4th Cir.1992), writ denied 600 So.2d 675 (La. 1992).
This assignment is without merit.
Lastly, Harrison argues that the cumulative effect of the errors at trial mandates reversal. We disagree and affirm the trial court’s conviction and sentence.
AFFIRMED.

. The author believes "reasonable doubt” defies further explanation, and words such as "one founded upon a real and tangible basis and not upon mere caprice, fancy or conjecture” while adding nothing to any understanding of the term, substantially adds to the risk of violation of due process and Cage, because these words may be interpreted to lessen the State’s burden of proof, something prohibited by Cage.