ON REMAND FROM THE LOUISIANA SUPREME COURT
DENNIS R. BAGNERIS, SR., Judge.
hOn March 17, 2015, the Louisiana Supreme Court issued a Per Curiam finding that this Court erred in reversing defendant Wayne Taylor’s conviction for an unauthorized entry of a place of business and instructed this Court to consider the defendant’s remaining assignments of error which had been pretermitted. This opinion follows.
In his appeal, the defendant asserted that the evidence was insufficient to sustain his conviction for unauthorized entry of a place of business. This Court found merit in defendant’s assignment of error that the evidence was insufficient to support his conviction and reversed defendant’s conviction and six year sentence at hard labor.[1] Thereafter, the State filed a writ of certiorari with the Louisiana Supreme Court, which was granted. State v. Taylor, 14-0432 (La.10/31/14), 151 So.3d 611. The Louisiana Supreme in the March 17, 2015 Per Curiam, held that “... unauthorized entry of a place of business is a statutorily-provided responsive verdict to a charge of simple burglary, La.C.Cr.P. art. 814(A)(42) and the evidence presented at trial was sufficient to have supported a verdict for the charged offense of simple burglary.” Thus, the Louisiana Supreme Court found that the evidence was therefore sufficient to support a verdict for the lessor offense, the unauthorized entry of a place of business, reinstated defendant’s conviction and sentence, and remanded the matter to this Court to consider defendant’s other assignments of error. State v. Taylor, 14-0432 (La.3/17/15), — So.3d -, 2015 WL 1212288. In his remaining assignments of error, defendant avers that the trial court erred in: (1) admitting a statement made by defendant; (2) admitting evidence of a prior |Rconviction; and (3) denying defendant’s request for a jury instruction as to the limited use of the prior conviction. Statement
Defendant first argues that the trial court erred in admitting at trial defendant’s statement given to Det. Ricks after his arrest. Det. Ricks testified that he advised defendant of his Miranda rights and asked defendant if he wished to speak with him. Defendant replied in the negative. Det. Ricks asked defendant to answer one question for him, and defendant said “sure.” Det. Ricks asked defendant whether he had ever been to Plaquemines Parish, and defendant replied in the negative, stating that the only place he had been to on the Westbank was Manhattan Boulevard.
Prior to trial, defendant filed an omnibus motion, including a motion to suppress the confession. Those motions came for hearing on April 4, 2012. A minute entry from that date reflects that the motion to suppress the confession was “moot,” as were the motions to suppress the evidence and the identification. The record does not contain a transcript of that April 4, 2012 hearing. Four months later, on the *1118 morning of the first day of trial, August 14, 2012, the State gave notice to defense counsel of its intent to introduce the statement made by defendant to Det. Ricks concerning whether he had ever been in Plaquemines Parish. Defense counsel objected, apparently to both the late notice and to the late disclosure of the statement. However, during the colloquy that followed, defense counsel read a portion of the open-file discovery materials previously provided to him, including the question by Det. Ricks as to whether defendant had ever been in Plaquemines Parish, and defendant’s answer.
[4In addition, the trial court stated that it recalled that the motion to suppress was waived at the motion hearing or declared moot by defense counsel. The trial court ultimately ruled that first morning of trial that the statement could not be used during the State’s opening statement, but that it would be admissible at trial.
Even assuming defendant “waived” his right to have the trial court rule on a pretrial motion to suppress the statement, there is no definitive evidence that he waived his right to contest the introduction of any statement at trial.
On appeal, defendant argues that the State had the burden to prove that the statement was freely and voluntarily given, and was not a product of threats, promises, coercion, intimidation, or physical abuse. However, while La. R.S. 15:451 states that before a confession can be introduced in evidence, it must be affirmatively shown that it was free, voluntary, and “not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises,” that rule applies “only to an admission of guilt, not to an acknowledgement of facts merely tending to establish guilt.” La. R.S. 15:449. Additionally, the rule that a confession produced by threat or promise is inadmissible in evidence does not apply to admissions not involving criminal intent. La. R.S. 15:454.
Nevertheless, as the State concedes in its appellate brief, even where La. R.S. 15:451 is not applicable because the statement is not an admission of guilt, the State must still show that defendant was advised of his Miranda rights and voluntarily waived them prior to making a statement.
This court stated in State v. Butler, 2004-0880, p. 4 (La.App. 4 Cir. 1/12/05), 894 So.2d 415, 418, that:
The State must prove that the accused was advised of his Miranda rights and voluntarily waived these rights in order to establish the admissibility of a statement made during .custodial interrogation.
Instate v. Green, 94-0887, pp. 9-10 (La.5/22/95), 655 So.2d 272, 280; State v. Labostrie, 96-2003, p. 5 (La.App. 4 Cir. 11/19/97), 702 So.2d 1194, 1197. A court must look to the totality of the circumstances surrounding the confession to determine its voluntariness. State v. Lavalais, 95-0320, p. 6 (La.11/25/96), 685 So.2d 1048, 1053. The testimony of police officers alone can be sufficient to prove the defendant’s statements. were freely and voluntarily given. State v. Jones, 97-2217, p. 11 (La.App. 4 Cir. 2/24/99), 731 So.2d 389, 396. (Footnote omitted).
Det. Rick’s testimony established that he advised defendant of his Miranda rights, and that defendant indicated he did not wish to talk to the detective. Det. Ricks immediately asked defendant if he could ask him one question; defendant said “sure.” He then answered the question, replying in the negative as to whether he had ever been in Plaquemines Parish.
Det. Ricks did not testify that defendant invoked his Miranda right to *1119 counsel, nor does defendant argue on appeal that he had invoked his right to counsel at the time he made the statement at issue. If an accused asserts his right to counsel, he is not subject to further interrogation by the authorities until counsel is present, “unless the accused himself initiates further communication, exchanges, or Conversations with the police.” Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 878 (1981); State v. Abadie, 612 So.2d 1, 4 (La.1993); State v. Hohn, 95-2612, p. 5 (La.App. 4 Cir. 1/19/96), 668 So.2d 454, 457. That issue is not before this court.
However, when a defendant exercises his right to remain silent, which is the issue in the instant case, the validity of any subsequent waiver of that right depends upon whether police have “scrupulously honored” the defendant’s right to remain silent. State v. Taylor, 2001-1638, p. 6 (La.1/14/03), 838 So.2d 729, 739, citing Michigan v. Mosley, 423 U.S. 96, 102, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975). Whether police have “scrupulously honored” an accused’s right to remain silent is determined on a | r,case-by-case basis under the totality of the circumstances. State v. Harris, 2001-2730, p. 28 (La.1/19/05), 892 So.2d 1238, 1260, citing, inter alia, Mosley, 423 U.S. at 102, 96 S.Ct. at 326; Taylor, 2001-1638, p. 7, 838 So.2d at 739.
One factor to consider in making the assessment of whether police have “scrupulously honored” the accused’s right to remain silent is who initiates further questioning — “although, significantly, police are not barred from reinitiating contact.” Harris, 2001-2730, p. 34, 892 So.2d at 1260, citing Mosley, 423 U.S. at 102, 96 S.Ct. at 326; Taylor, 2001-1638, p. 7, 838 So.2d at 739. Other factors are “whether there has been a substantial time delay between the original request and subsequent interrogation; whether Miranda warnings are given before subsequent questioning; whether signed Miranda waivers are obtained; and, whether the later interrogation is directed at a crime that had not been the subject of the earlier questioning.” Taylor, supra, citing Mosley, 423 U.S. at 105, 96 S.Ct. at 321.
In the instant case, the statement at issue apparently was given immediately after defendant had been advised of his Miranda rights and had told Det. Ricks he did not wish to speak to him. Defendant also refused to sign a waiver-of-rights form, but it is not clear at what point that occurred. The thrust of Det. Ricks testimony was that immediately after he asked defendant if he wanted to make a statement and defendant declined, he asked defendant if he could ask him one question. Defendant replied “sure,” and Det. Ricks asked defendant if he had ever been to Plaquemines Parish.
The totality of the facts and circumstances in the instant case do not indicate any police badgering, overreaching, or subtle but repeated efforts to wear down defendant’s resistance and make him change his mind. The evidence does not show that defendant was compelled to answer Det. Ricks’ question. Rather, the 17evidence shows that defendant made the decision to answer the one question freely and voluntarily and not as a result of fear, ' duress, intimidation, menaces, threats, inducements or promises. The record establishes that, as a whole, defendant’s right to remain silent was “scrupulously honored” by Det. Ricks.
“A trial court’s ruling as to the admissibility of evidence will not be disturbed absent a clear abuse of discretion.” State v. Cyrus, 2011-1175, p. 20 (La.App. 4 Cir. 7/5/12), 97 So.3d 554, 565, citing State v. Richardson, 97-1995, p. 14 (La.App. 4 Cir. 3/3/99), 729 So.2d 114, 122. Considering *1120 the totality of the circumstances, we do not find that the trial court abused its discretion in admitting the statement.

Evidence of Prior Conviction

Defendant next complains that the trial court erred in admitting evidence of a prior conviction, after the trial court had granted defendant’s motion in limine to bar the introduction of evidence of that particular prior conviction and another one.
It is well settled that a court may not admit evidence of other crimes to show a “defendant as a man of bad character who has acted in conformity with his bad character.” State v. Rose, 2006-0402, p. 12 (La.2/22/07), 949 So.2d 1236, 1243, citing La. C.E. art. 404(B)(1); State v. Williams, 96-1023, p. 30 (La.1/21/98), 708 So.2d 703, 725; State v. Prieur, 277 So.2d 126, 128 (La.1973).
On the first morning of trial, the court heard defendant’s motion in limine as to evidence of a 2008 conviction for unauthorized entry of a business and a July 2012 conviction for a burglary committed in 2011. The trial court granted the motion in limine. Subsequently, during the direct examination of forensic DNA analyst Leslie Son, Ph.D., the State introduced in evidence Louisiana State Police Lab DNA reports as State Exhibit 22, in globo. The trial court asked: “Without |sobjection?” Defense counsel replied: “Without objection, Your Honor.” Subsequently, during cross examination, defense counsel questioned Dr. Son about CODIS, which Dr. Son said stood for “Combined DNA Index System.” Defense counsel then questioned Dr. Son concerning the “CODIS qualifying offense,” as stated in the “CO-DIS Match Notification” report from the Louisiana State Police Crime Laboratory, one of the documents that was part of State Exhibit 22, in globo. The following colloquy then occurred:
Q. Okay. Please read for the jury what the qua — what qualifying offense you found that to match.
A. It says “CODIS qualifying offense 14.62.2 [sic, 14:62.4], unauthorized entry of a place of business.”
Q. So not burglary. Correct?
A. No.
Q. Okay.
[[Image here]]
Q. What was the reason — reason for your office putting the CODIS qualifying offense as being unauthorized entry of a business?
ROBERT MICHAEL WHITE:
Object, Your Honor: This witness would have no way of knowing that.
AMOS CORMIER III:
Your Honor, she testified this is a document that she authenticated. She is the representative of the State office. If she can’t speak to it, who else can?
THE COURT:
I’m going to overrule the objection to the extent that, if she can answer, she may.
BY AMOS CORMIER:
A. So, the way that CODIS works for us as analysts is—
|9Q. Excuse me, Doctor. That wasn’t the question. The question was — is—I asked you — and if you don’t know, that’s fine: [sic] Your own document from your office states that, according to your testing, that the qualifying offense was unauthorized entry of a place of business, not burglary. Do you know any reason why your office would have pu — put that the only qualifying offense is unauthorized entry of a place of business?
A. I — I’m not sure.
*1121 At the conclusion of defense counsel’s cross examination of Dr. Son, the State requested a bench conference during which it argued that defense counsel had “opened the door” to the introduction of defendant’s prior conviction for unauthorized entry of a business, which was the qualifying CODIS offense as to which defense counsel had cross examined Dr. Son. Defense counsel complained that he had “scored some points” and was now going to be penalized. The State pointed out that it had not gone into that issue during direct examination of Dr. Son except by one vague reference. Defense counsel argued that both Det. Ricks and Det. Durnin referred to “hits” and “matches,” but the trial court noted that both detectives had' studiously avoided any reference to why defendant’s DNA would have been in the system.
The trial court ruled that defense counsel had muddied the waters by questioning Dr. Son as to why his office “only” put unauthorized entry of a place of business as a qualifying offense, and “not burglary,” and ruled that the State had the right on redirect to attempt to clarify the issue. The trial court expressly stated that the qualifying offense had nothing to do with the offense for which defendant had been arrested and was being tried. The trial court said that if clarification of the issue by the State meant that it could bring out that unauthorized entry of a place of business was the conviction that resulted in defendant’s DNA being entered into CO-DIS, that evidence would 'be admissible.
| ^Subsequently, on redirect examination of Dr. Son, the State pointed out that defense counsel had referred to an offense of unauthorized entry of a place of business as a qualifying offense for CODIS, and asked Dr. Son to explain. Dr. Son explained that CODIS was a national system into which DNA profiles from samples collected from arrestees or persons convicted of qualifying offenses were entered. The State asked what the qualifying offense was in thé case of the report at issue in State Exhibit 22, and Dr. Son replied that it was unauthorized entry of a place of business. Dr. Son replied in the affirmative when asked whether that meant defendant had either an arrest or a prior conviction for unauthorized entry of a place of business. The State moved to offer into evidence “a certified copy of the — ,” (obviously a certified copy of the prior conviction) but defense counsel asked to approach, at which point the State immediately withdrew its offer of evidence.
The State correctly argues that during his cross examination of Dr. Son, defense counsel “opened the door” to the State’s questioning of Dr. Son on redirect examination to clarify the issue. See State v. Overton, 337 So.2d 1201, 1206 (La.1976) (“The court correctly ruled that defense counsel had opened the door to this area on cross-examination and that it was a proper subject for redirect examination .... Where defense counsel went on cross-examination, the State had the right to follow on redirect.”); State v. Hugle, 2011-1121, p. 23 (La.App. 4 Cir. 11/7/12), 104 So.3d 598, 615 (“Once the defense opens the door in cross examination on a subject it becomes a proper subject for redirect”, quoting State v. Steward, 483 So.2d 155,157 (La.App. 4 Cir.1986)).
In the instant case, as illustrated by the quoted portion of the trial transcript re-flectihg the cross examination of Dr. Son, defense counsel clearly questioned Dr. Son — over the objection of the State— about the CODIS qualifying offense being |! unauthorized entry of a place of business. Defense counsel'pointedly asked Dr. Son why the office had put down that the CODIS qualifying offense “was unauthorized entry of a place of business, not *1122 burglary.” (Emphasis added). Defendant was on trial for two counts of burglary.
Defense counsel’s line of questioning as to the nature of the qualifying offense was essentially irrelevant to the defense, except perhaps as a general attempt to collaterally attack Dr. Son’s credibility because he did not know how that qualifying offense came to be listed. One might argue that such an attack on Dr. Son’s credibility could possibly raise a question in the minds of the jurors as to the reliability of the results of her employer’s DNA testing and comparisons.
However, defense counsel’s express questioning as to the qualifying offense being unauthorized entry of a place of business, “not burglary,” suggests that defense counsel might have been seeking to create some confusion concerning the offenses for which defendant was being tried, and thus his guilt as to those offenses. Defense counsel referred to his having “scored some points” during his cross examination of Dr. Son, when he was objecting to the trial court permitting the State to bring up the issue of the qualifying offense on redirect examination.
Regardless, the trial court expressly found that defense counsel had created confusion between the qualifying offense and the offense defendant had been charged with and for which he was on trial. The court deemed that defense counsel had thereby “opened the door” for the State to clarify the issue on redirect examination. Subsequently, on redirect examination by the State, Dr. Son testified that the “CODIS qualifying offense” referred to an offense for which a person had been arrested or convicted that consequently resulted in a reference sample being | ^collected from that person and his DNA profile being entered into CODIS. The trial court did not err in its ruling.
Defendant also complains in this assignment of error that the trial court erred in permitting the State to introduce State Exhibits 27 and 28, evidence of defendant’s prior conviction for unauthorized entry of a place of business, the conviction listed as the qualifying offense on the CODIS Match Notification document.
The State recalled Det. Durnin for the purpose of introducing evidence, including the cigarette lighter and a fuse-puller pole found at the scene of the January 2011 crime. The State also sought to introduce through Det. Durnin a copy of defendant’s prior conviction that was the CODIS qualifying offense. When the State preliminarily asked Det. Durnin what the CODIS database was, defense counsel objected that the question or issue was outside of the purpose for which Det. Durnin had been recalled as a witness — the entering of evidence into the record. The trial court overruled that objection. Defendant does not argue on appeal that the trial court erred in overruling his objection made on this ground. Defense counsel also objected on the ground of relevance when the State subsequently asked Det. Durnin whether defendant “had been convicted of — .” Defendant does not argue on appeal that the court erred in overruling the objection as to relevance. Thereafter, defense added a ground for his objection— lack of a proper foundation — which prompted the State to introduce into evidence State Exhibit 27, in globo. Defense counsel asked to approach, but the trial court preempted any approach by overruling that objection. State Exhibit 27 was ostensibly entered into evidence, whereupon defense counsel asked to see it and then objected to the in globo introduction.
|1SA bench conference was then held, at the outset of which defense counsel was directed by the trial court to state his objection. Defense counsel recounted that *1123 the trial court had originally granted his motion in limine on the first day of trial as to the introduction of other crimes evidence. Defense counsel then noted that the trial court had ruled in favor of the State as to the admission of testimony concerning the nature of the CODIS qualifying offense. Defense counsel essentially objected that, even assuming he had opened the door to that evidence, he objected to any other evidence being admitted. The result was that State Exhibit 27, — which contained, in pertinent part, a copy of the original bill of information from the CODIS qualifying offense which charged defendant with burglary — was admitted for record purposes only. As evidence of the conviction only, the State introduced State Exhibit 28 — -which was to be redacted to reflect only the prior conviction for unauthorized entry itself, the CODIS qualifying offense, to conform to Det. Durnin’s testimony as to that prior conviction. The trial court held that defendant had opened the door to that documentary proof of the prior conviction by his earlier cross examination of Dr. Son. The trial court felt that the State had the right to introduce that testimony by Det. Durnin, as well as the document itself, to resolve any confusion that defense counsel had created by his cross examination of Dr. Son.
The final word was that State Exhibit 28 was admitted without objection. However, even assuming for the sake of argument that defendant had preserved an objection to that evidence, as well as Det. Durnin’s testimony about the prior conviction, on the ground that it constituted evidence of another crime, it cannot be said that the trial court abused its discretion in finding that defense counsel had opened the door to the documentary evidence of that CO-DIS qualifying offense by 114his earlier cross examination of Dr. Son. Accordingly, we find no merit to this assignment of error.

Failure to Instruct the Jury on the Limited Use of the Prior Conviction

In the third claim raised in this assignment of error, defendant argues that the trial court erred in denying his request for a limiting jury instruction as to the evidence of the prior conviction.
Prior to charging the jury, defense counsel orally moved the court to include a special charge. While the record does not reflect precisely the proposed wording of the instruction defense counsel requested, the record reflects that the court and both sides contemplated an instruction to the effect that the evidence of the prior conviction was to be considered for a limited purpose; that defendant was on trial for the two burglaries at issue; and that the jury .could not consider the fact that he committed the prior offense as evidence that he committed either of the two offenses for which he was on trial. See State v. Garcia, 2009-1578, p. 24 (La.11/16/12), 108 So.Sd 1, 19-20, cert. denied, Garcia v. Louisiana, — U.S. -, 133 S.Ct. 2863, 186 L.Ed.2d 926 (2013) (limiting instruction given by trial court to jury before each of five witnesses testified to evidence of other/prior crimes committed by defendant).
La.C.Cr.P. art. 807 states, in pertinent part, that a defendant has a right before argument to submit to the court “special written charges for the jury.” In the instant case the record reflects that defense counsel did not submit any special charges in writing, as required by La.C.Cr.P. art. 807. Defendant does not address the issue of the oral request for the special charge instead of the statutorily-required written charge. However, the State does not raise that issue either, and it did not raise the issue in the trial court when defense counsel orally requested the special charge.
11fiThe State argues that it actually did not present evidence of another crime *1124 committed by defendant. However, while the State is correct insofar as it did not present evidence of another crime committed by defendant • under La. C.E. art. 404(B)(1), to show defendant’s intent, knowledge, absence of mistake, etc., it did present evidence as to the commission of a crime committed by defendant other than the two crimes for which he was being tried. The State elicited testimony from Dr. Son that defendant either had a prior arrest or a prior conviction that resulted in his DNA profile being entered into the CODIS database. The State also elicited testimony from Det. Durnin that defendant had a prior conviction for unauthorized entry of a place of business. In addition, the State admits in its appellate brief that it introduced in evidence documentation of the fact, date, and title of defendant’s prior conviction.
However, the State submits that it introduced that evidence in order to rectify confusion and misinformation injected into the proceeding as a result of defense counsel’s specific references to the CODIS qualifying offense being unauthorized entry of a place of business, and “not burglary.” The State is correct, and that was the reason given by the trial court when overruling defense counsel’s objections to the State’s introduction of all that evidence. As previously discussed, the trial court did not abuse its discretion in admitting such evidence to clarify any confusion defense counsel may have caused by cross examining Dr. Son as to the CODIS qualifying offense.
Moreover, the nature of the reason for the admission of the evidence of defendant’s prior conviction could have been problematic insofar as the trial court giving a limiting instruction. La.C.Cr.P. art. 807 states that a requested special charge shall be given “if it does not require qualification, limitation, or | ^explanation,.... ” Importantly, the record does not reflect that defense counsel provided the trial court with a particular special instruction it wished the court to give as to this issue, whether orally or in writing. Considering all the facts and circumstances, we do not find that the trial court erred in not fashioning and giving a limiting instruction that very well could have required an explanation that might have resulted in confusion among jurors and/or prejudice to defendant.
Accordingly, based on this Court’s consideration of defendant’s remaining assignments of error, we hereby affirm the defendant’s conviction and sentence.[2]
AFFIRMED
JENKINS, J., concurs in the result.

. State v. Taylor, 13-0265 (La.App. 4 Cir. 12/18/13), 130 So.3d 439.

. Defendant requests that, should his conviction and sentence be affirmed in this appeal, this court reserve unto him the right to appeal his habitual offender adjudication and sentence which he represents occurred after the instant appeal was lodged. However, this matter is outside of the appellate record. In the event the trial court denies a motion by defendant to appeal his habitual offender adjudication and sentence, he may seek appropriate relief.